# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CMI ROADBUILDING, INC., and CMI ROADBUILDING, LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> IOWA PARTS, INC., <br><br> Defendant. | No. 16-cv-0033-LRR <br><br> **ORDER GRANTING PLAINTIFFS' MOTION** |

_____

## I.  INTRODUCTION

This case is before the Court on plaintiffs' resisted Motion to Lower Designation. (Doc. 88). The motion requested oral argument. Defendant timely resisted. (Doc. 95). Plaintiffs filed a timely reply brief (Doc. 102) with both unsealed and sealed exhibits. (Doc. 105). The Court heard oral argument on May 24, 2017. Plaintiffs were represented by attorneys Michael Weston and Randy Baker. Defendant was represented by attorney Timothy Zarley. All attachments were considered and the motion is now ripe for decision.

## II.  PROCEDURAL HISTORY

This lawsuit concerns allegations of misappropriation of trade secrets, conversion, and unjust enrichment. A Second Amended Complaint was filed on April 11, 2017. (Doc. 81). On August 17, 2016, a protective order was entered by the Court. (Doc. 38). Discovery closes on August 9, 2017. (Doc. 62). A jury trial is scheduled before the Honorable Linda R. Reade on Monday, January 15, 2018. (Doc. 70).

1

## III. DISCUSSION

On October 24, 2016, the Court ordered that defendant produce the roughly 1,000 pages of "plans, specifications, and drawings relating to Cedarapids, Inc., Standard Havens, and Terex . . . electronically in native format, where available." (Doc. 50). The Court also permitted plaintiffs to take a Rule 30(b)(6) deposition of a "person who is knowledgeable regarding the manner in which Iowa Parts' designs are stored, in what format, and how they may be accessed." (*Id.*).

Pursuant to the above production, the dispute here arises. Defendant electronically produced the documents, approximately 1,000 pages labeled as 550 CAD, with an Attorney's Eyes Only (AEO) designation. Plaintiffs seek to compel defendant to re-designate the 550 CAD documents from an AEO designation to a "Confidential" designation. Pursuant to their efforts to negotiate with defendant, plaintiffs offered that the documents receive a limited confidential designation, namely that the 550 CAD documents be disclosed only to (1) Mr. David Emerson, an employee of plaintiffs, and (2) Mr. Joe Musil, a consultant. Defendant did not agree. (Doc. 88-2).

Overall, defendant contends that the AEO designation is proper. Defendant alleges that the 550 CAD documents contain confidential propriety information, namely new and improved designs. Defendant also contends that the 550 CAD documents are not relevant to the case as plaintiffs have failed to identify with reasonable particularity their trade secrets at issue. Lastly, defendant contends that even if the Court deems the 550 CAD documents relevant, rather than ordering a lower designation the Court should compel plaintiffs to take the 30(b)(6) deposition as permitted in the prior order (Doc. 50). Defendant states that a portion of the 550 CAD documents have a reference number to a Cedarapids, Inc. part drawing, and that the portion of the 550 CAD documents without such reference number are "original and novel design[s]" created by defendant. (Doc. 95-1). During oral argument, defendant could not identify how many of the 550 CAD

documents contained a reference to a Cedarapids, Inc. drawing.

The Court now turns to the protective order in place. The order specifies the process by which an opposing party may dispute a designation and ultimately which party bears the burden of proof with regard to the confidentiality designation. First, paragraph 16 instructs the receiving party to notify, in writing, the designating party that its AEO designation is not in good faith and request relief. (Doc. 38, at 5 ¶ 16). After a five-day waiting period, the objecting party may apply to the Court for relief regarding the desired reduction in designation. Plaintiffs complied with paragraph 16. (Doc. 88-3). Second, paragraph 17 specifies that the party "assert[ing] the claim of confidentiality" bears the burden of proof.

An AEO designation is a "drastic remedy" appropriate in only limited situations because it limits the "ability of the receiving party to view the relevant evidence, fully discuss it with counsel, and make intelligent litigation decisions . . . and limits the ability of a party to provide needed assistance to counsel." *McDonald Apiary, LLC v. Starrh Bees, Inc.*, 8:14CV351, 2016 WL 299014, *2 (D. Neb. Jan. 25, 2016) (quotations omitted). Under Rule 26 of the Federal Rules of Civil Procedure, a court may for good cause issue an order to protect a party by requiring that trade secret information be not revealed or revealed only in a specified way. FED. R. CIV. P. 26(1)(G). "There is no absolute privilege [against disclosure] for trade secrets and similar confidential information." *Taiyo Intern., Inc. v. Phyto Tech Corp.*, 275 F.R.D. 497, 500 (D. Minn. 2011) (quoting *Fed. Open Mkt. Comm. Of Fed. Reserve Sys. v. Merill*, 443 U.S. 340, 362 (1979), and 8 CHARLES ALAN WRIGHT ET AL., *Federal Practice and Procedure* § 2043). The designating party bears the burden of "demonstrating 'good cause' and requires a particular and specific demonstration of fact as distinguished from conclusory or stereotyped statements." *EQ Oklahoma, Inc. v. A Clean Env't Co.*, No. 11-CV-510-GKF-PJC, 2012 WL 5429869, at *1 (N.D. Okla. Nov. 7, 2012) (citing *Gen. Dynamics*

*Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). Plaintiffs cite the following passage from the Northern District of Oklahoma case, which the Court finds persuasive.

> An "Attorneys' Eyes Only" provision is sometimes appropriate where there is a danger of proprietary and highly confidential information being disclosed to and used by a competitor. *See Covelo Clothing, Inc. v. Atlandia Imports, Inc.,* 2007 WL 4287731, *1 (D. Colo. Dec. 5, 2007) (unpublished) ("confidential information that may be used against the company by a direct competitor is generally afforded more protection"). However, [the defendant] has provided this Court with no insight whatsoever into what proprietary or confidential information it believes could be used by [the plaintiff] to [the defendant]'s detriment. To establish good cause under Rule 26(c)(1)(H) [sic], [the defendant] must first demonstrate that the information sought constitutes a trade secret, or other confidential research, development, or commercial information, and then demonstrate that its disclosure might be harmful. *Centurion Indus., Inc. v. Warren Steurer & Assocs.,* 665 F.2d 323, 325 (10th Cir. 1981). [The defendant] has done neither. In fact, all [the defendant] has done is alleged that "sensitive trade material" should not be disclosed because of "potential injury." [Dkt. # 50, p. 1–2]. Other than a generic and broad reference to financial information, [the defendant] has not identified what "sensitive trade material," if any, exists, or what the "potential injury" could be. [The defendant]'s mere conclusory and stereotyped statements do not satisfy [the defendant]'s burden under Rule 26. *Samson Resources [Co., LLC v. J. Aron & Co.]*, [No. 08–CV–752–TCK–SAJ,] 2009 WL 1606564 [(N.D. Okla. Jun. 8, 2009)], (requiring a particular and specific demonstration of fact).

*EQ Oklahoma, Inc.*, 2012 WL 5429869, at *2.

After consideration of the parties' oral arguments and briefings, the Court finds that defendant is not justified in designating approximately 1,000 pages of drawings as AEO. These drawings are relevant to plaintiffs' claims as plaintiffs contend that these drawings are essentially replicas of their drawings with some possible modifications. Defendant has not made an adequate showing of the need for AEO designation for all

1,000 drawings other than the generalized and conclusory assertions that they contain defendant's own trade secrets. This case is about, in part, whether these drawings contain plaintiffs' trade secrets. Plaintiff have made an adequate showing of the need to have people with knowledge of such drawings view them to determine if they contain plaintiffs' trade secrets, a task that is beyond the knowledge and skills of attorneys. Although, in theory, plaintiffs' retained expert could do this, there is little time left to complete discovery in this case and even were that not the case, plaintiffs' own employees will have a greater ability to make that determination in the first instance than a retained expert who would not be as knowledgeable about plaintiffs' designs.

Plaintiffs and defendant compete, albeit indirectly, in the asphalt plant industry.[1] The Court is cognizant of the damage that defendant could theoretically suffer if a direct competitor seizes and uses defendant's new designs. That theoretical danger is ameliorated here, however, for several reasons. First, there is a protective order in place to prevent just such a misuse of information. Second, the Court will only allow two individuals—Mr. Emerson and Mr. Musil—to have access to the 550 CAD documents. This is necessary for the plaintiffs to determine how many of the 1,000 pages of 550 CAD documents, if any, allegedly originated from plaintiffs' trade secrets. Furthermore, the Court notes that the two individuals will be bound by the "confidential" designation as described in the protective order and are not free to misuse this information nor use it outside of this pending lawsuit in any manner.

## IV. CONCLUSION

The Court **grants** plaintiffs' motion to lower designation with regard to disclosing the 550 CAD documents only to Mr. Emerson and Mr. Musil with a designation of

---

[1] The Court understands that plaintiffs manufacture asphalt plants, while defendant manufactures parts for asphalt plants.

confidential. (Doc. 88). Defendant shall label the 550 CAD documents as "Confidential—For Mr. Emerson's and Mr. Musil's Eyes Only" and provide these documents to plaintiffs within fourteen (14) days from the date of this order.

**IT IS SO ORDERED** this 26th day of May, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa