# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CMI ROADBUILDING, INC., and CMI ROADBUILDING, LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> IOWA PARTS INC, <br><br> Defendant. | No. 16-CV-33-LRR <br><br> **ORDER** |

This case is before the Court on plaintiffs' "Motion to Quash Notice of Deposition of Joseph Musil and Motion for Protective Order." (Doc. 97). Defendant timely resists both motions. (Doc. 112). The motions are now fully submitted. For the reasons that follow, the Court denies in part and grants in part plaintiffs' motion.

## I.     RELEVANT BACKGROUND

This lawsuit concerns allegations of misappropriation of trade secrets, conversion, and unjust enrichment. (Doc. 3). Discovery closes on August 9, 2017, and deadline for dispositive motions is September 9, 2017. (Doc. 62). A jury trial is scheduled before the Honorable Linda R. Reade on Monday, January 15, 2018. (Doc. 70).

On April 21, 2017, defendant requested a date to depose Mr. Joseph Musil, among others. (Doc. 97-1). Plaintiffs responded on April 24, denying the request because of their intention not to present Mr. Musil as an expert witness on any part of this case. (Doc. 97-2). On April 28, 2017, Defendant made a second request to depose Mr. Musil based solely on his role as a fact witness. (Doc 97-3). On May 1, 2017, defendant issued

a Notice of Deposition for Mr. Musil with date of deposition to be May 23, 2017. (Doc. 97-4).

In plaintiffs' motion to quash, they argue that Mr. Musil is not now and has never been an employee of CMI. Additionally, plaintiffs state that, even prior to the inception of this litigation, Mr. Musil was specially retained by counsel for plaintiffs as a non-testifying expert for other litigation that involved plaintiffs. (Doc. 97, at 3). Plaintiffs allege that defendant has attempted to interfere with Mr. Musil's analysis of this litigation by designating documents produced by discovery as "attorney's eyes only." (Doc 97, at 3). Plaintiffs also argue that the location of deposition is inconvenient for Mr. Musil and he will be unable to appear on that exact date. Plaintiffs further assert that deposing Mr. Musil would disclose privileged information. Finally, plaintiffs argue that because defendant has not shown that exceptional circumstances exist pursuant to FED.R.CIV.P. Rule 26 (b)(4)(D) that would warrant deposition of Mr. Musil, based on his capacity as one of plaintiffs' retained, non-testifying experts, a protective order for Mr. Musil should be granted. (Doc. 97).

Defendant filed its resistance to plaintiffs' Motion to Quash Notice of Deposition of Joseph Musil and Motion for Protective Order on June 1, 2017. (Doc. 112). In its resistance, defendant claims that plaintiffs listed Mr. Musil as a fact witness who could be contacted through counsel, and who was anticipated to have information regarding the allegations and factual assertions contained in the Complaint. (Doc 112,-A). Defendant further alleges that Mr. Musil was formerly an employee of CMI Terex Corporation and Cedarapids, Inc. as a design engineer. (Doc. 97, at 2). Thus, Mr. Musil presumably has factual information pertaining not only to the creation of the engineering drawings at issue in this case, but also to the manner in which these drawings have been handled prior to plaintiffs' acquisition. Defendant answered plaintiffs' objection to location and time of deposition stating that it would be open to accepting plaintiffs' time and location,

2

however none was offered. Defendant asserts its right to depose Mr. Musil as a fact witness not as a nontestifying expert witness. (Doc 112, at 3).

On June 7, 2017, plaintiffs responded timely to defendant's resistance and argued that defendant has in its employ alternative individuals who can provide the information that is being sought of Mr. Musil without risk of exposing trade secrets. (Doc. 115). Plaintiffs argue that defendant has not defined the information they seek from Mr. Musil and question the relevancy of the information sought. Plaintiffs request that the deposition of Mr. Musil be limited to the two specific areas referenced by defendant; "pertaining not only to the creation of the engineering drawings at issue in this case, but also to the manner in which these drawings have been handled prior to plaintiffs' acquisition." Plaintiffs also request that no employees of defendant be present at the deposition and the transcript be marked "Confidential—Attorney Eye's Only." (Doc. 115).

## II.     ANALYSIS

Plaintiffs request the Court quash the Notice of Deposition of Mr. Musil and issue a protective order for his deposition. Here, Mr. Musil has been designated by plaintiffs as both a non-testifying expert, (Doc. 97), and as an individual likely to have discoverable information. (Doc 112,-A). Plaintiffs designated Mr. Musil as a potential fact witness on August 31, 2016, within their Rule 26(a)(1) initial disclosures. (Doc. 112-A). Plaintiffs request that a protective order be granted under FED.R.CIV.P. 26 (b)(4)(D). That rule provides:

> *Expert Employed Only for Trial Preparation*. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only: **(i)** as provided

> in Rule 35(b); or **(ii)** on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

FED.R.CIV.P. 26 (b)(4)(D). Defendant, however, is requesting Mr. Musil's deposition as a fact witness pertaining to the handling and creation of the engineering drawings that are at issue in this case during Mr. Musil's employment with CMI Terex Corporation, and Cedarrapids, Inc. prior to plaintiffs' acquisition. (Doc. 112).

The Court agrees that in Mr. Musil's capacity as a non-testifying expert, he cannot be compelled to be deposed barring exceptional circumstances which here defendant has not argued. (Doc. 112). *See Brown v. Ringstad,* 142 F.R.D. 461 (S.D. Iowa 1992) (discovery of opposing non testifying expert, in anticipation of litigation, only upon showing of exceptional circumstances with heavy burden on deposing party to demonstrate existence of those circumstances). Therefore, Mr. Musil cannot be deposed regarding information that has been expressed in his capacity as a non-testifying expert.

In this circumstance, it is not known to the Court if another individual can provide the discoverable information that defendant is seeking as argued in plaintiffs' response to defendant's resistance. (*See* Docs 112, 115). Plaintiffs had designated Mr. Musil as a fact witness on their disclosure of August 31, 2016, however, and therefore Mr. Musil can be deposed specifically on his knowledge of facts in relation to the handling and creation of the engineering drawings that are at issue in this case during Mr. Musil's employment with CMI Terex Corporation, and Cedarrapids, Inc. prior to CMI's acquisition. (Doc. 112). *Easley v. Anheuser-Busch, Inc.*, 758 F.2d 251 (8th Cir. 1985) (trial Court judge erred in not allowing in-house experts to continue testifying as fact witnesses, although that particular case did not warrant new trial); *see also Long v. Cottrell, Inc.*, 265 F.3d 663 (8th Cir. 2001).

Thus, the plaintiffs' motion to quash notice of deposition is denied. Motion for protective order is granted only concerning all inquiries related to Mr. Musil's capacity as a non-testifying expert. In other words, defendant may question Mr. Musil as a fact witness only. Defendant may not question Mr. Musil to discover protected information or trial strategy. Because the Court is protecting Mr. Musil's information related to his capacity as a non-testifying expert witness, no further subject matter restrictions are necessary.

The Court denies plaintiffs' request that no employees of defendant be present at the deposition of Mr. Musil. Generally, a party may be present at a deposition and is generally allowed to have others present to the extent it aids the lawyers. Rule 26(c) requires the party seeking a protective order show "good cause" for a protective order. FED. R. CIV. P. 26(c)(1)(E). "'Good cause' within the meaning of Rule 26(c) contemplates a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)). Plaintiffs have made no showing that having one of defendant's employees attend the deposition would be improper or prejudicial. Any concern regarding trade secrets is ameliorated by the Court's limitation of the deposition to fact issues.

The Court also denies plaintiffs' request that it designate the transcript from the deposition as "Attorneys' Eyes Only." The process for designating transcripts as confidential or attorneys' eyes only is set out in the protective order. The Court will not prospectively deem an unseen transcript AEO when the document may or may not merit that designation, depending upon what Mr. Musil says during his deposition.

### *III. CONCLUSION*

Plaintiffs' motion (Doc. 97) for Motion to Quash Notice of Deposition is **denied**. Plaintiffs' motion for Protective Order is **granted** only concerning all inquiries related to Mr. Musil's capacity as a non-testifying expert.

**IT IS SO ORDERED** this 21th day of June, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa