IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| CMI ROADBUILDING, INC., and<br>CMI ROADBUILDING LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>IOWA PARTS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 16-cv-33-LRR<br><br>**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS AGAINST DEFENDANT FOR ITS DISCOVERY ABUSES AND IMPEDING DEPOSITIONS, AND MOTION FOR LEAVE FOR ADDITIONAL TIME TO FAIRLY EXAMINE THE DEFENDANT** |

**TABLE OF CONTENTS**

I.     DISCOVERY BACKGROUND………………………………........  2

II.    APPLICABLE LAW……………………………………………..  5

III.   COMPEL DISCOVERY FROM IOWA PARTS……………….  7
       A. The Discovery at Issue……………………………………  7
       B. Iowa Parts' Deficient Discovery and Deliberate Efforts
          to Impede Discovery……………………………………  9
          1. Iowa Parts Abused the Written Discovery Process……….  9
          2. Iowa Parts Intentionally Mislead Plaintiffs……………… 10

IV.    IOWA PARTS' CORPORATE DESIGNEE AND
       INDIVIDUALS IDENTIFIED AS MOST KNOWLEDGEABLE
       OF ACCOUNTING WERE NOT PROPERLY PREPARED
       FOR THEIR DEPOSITIONS……………………………………. 12

V.     SANCTIONS AGAINST IOWA PARTS FOR DISCOVERY
       ABUSES………………………………………………………….. 15
       A. Iowa Parts' Conduct was Willful and in Bad Faith; therefore,
          Sanctions should be entered against Iowa Parts……………… 16

VI.    ADDITIONAL TIME FOR DEPOSITIONS OF IOWA PARTS
       WITNESSES……………………………………………………….. 18

CONCLUSION………………………………………………………….. 18

1

Plaintiffs, CMI Roadbuilding, Inc. and CMI Roadbuilding Ltd., submit the following Brief in Support of their Motion to Compel Discovery and for Sanctions against Defendant for its Discovery Abuses and Impeding Depositions, and Motion for Leave for Additional Time to Fairly Examine the Defendant:

## I. DISCOVERY BACKGROUND

On June 14, 2016, Plaintiffs served written discovery requests on Iowa Parts. (*See* Exhibit 1, Plaintiffs' First Request for Production.) Iowa Parts served its response on July 18, 2016, and refused to produce a majority of the documents Plaintiffs requested on the basis that a protective order had not been issued in the case. (See Exhibit 2, Iowa Parts' Response to Plaintiffs' First Request for Production.) On August 17, 2016, the Honorable Jon Stuart Scoles entered a Protective Order in this case. (*See* Doc. 38, p. 1.) After the entry of the Protective Order, Iowa Parts did not supplement its responses to Plaintiffs' requests for production as required by Fed. R. Civ. P. 26(e).

On September 23, 2016, Plaintiff CMI Roadbuilding, Inc. ("CMI") filed a motion to compel, specifically, seeking production of all documents and electronically stored information (including but not limited to all design drawings and specifications utilized by Iowa Parts in the course and conduct of its business operations, in electronic native format) that had been requested in Plaintiffs' First Request for Production. (*See* Doc. No. 41.) On October 24, 2016, this Court granted in part and denied in part, CMI's Motion, as the Court ordered the production of the plans, specifications, and drawings relating to Cedarapids, Inc., Standard Havens, and Terex and these documents are only available in "pdf" form. (*See* Doc. 50.) Iowa Parts, through counsel, agreed to produce those documents along with documents Iowa Parts claimed were unrelated to CMI's intellectual property. (*Id.*) The Court also ordered Iowa Parts to produce the documents

2

electronically in native format, where available, and to permit CMI to take a Rule 30(b)(6) deposition. (*Id.*)

On January 20, 2017, pursuant to Fed. R. Civ. P. 33 and 34, CMI served its Interrogatories and Supplemental Requests for Production on Iowa Parts. (*See* Exhibit 3, CMI's Interrogatories, and Exhibit 4, CMI's Supplemental Request for Production.) On February 22, 2017, Iowa Parts answered and responded to those requests. (*See* Exhibit 5, Iowa Parts' Answers to CMI's Interrogatories and Exhibit 6, Iowa Parts' Responses to CMI's Supplemental Request for Production.) On March 10, 2017, Plaintiffs' counsel wrote Iowa Parts' counsel a letter which identified deficiencies in Iowa Parts' discovery responses. (*See* Exhibit 7, March 10, 2017, Letter.) Iowa Parts' counsel responded on March 30, 2017. (*See* Exhibit 8, March 30, 2017, Letter.)

On June 29, 2017, Plaintiffs deposed Suzy Hartley, an employee of Maxam Equipment, Inc.[1] who had been identified by Iowa Parts as the person most knowledgeable about Iowa Parts' accounting issues. (*See* Exhibit 9, Iowa Parts' Answers to CMI's Second Interrogatories, No. 16; Exhibit 10, Hartley Depo. 10:8-17, 26:7-9, June 29, 2017.) On June 30, 2017, Plaintiffs deposed Yvonne Bardwell, a Certified Public Accountant, who prepares and files income tax returns on behalf of Iowa Parts and Maxam. (*See* Exhibit 9, Iowa Parts' Answers to CMI's Interrogatories, No. 17, Exhibit 11, Bardwell Depo. 28:3-8, June 30, 2017.) Based upon the testimony of Ms. Hartley and Ms. Bardwell and third-parties during their depositions, on July 5, 2017, Plaintiffs requested Iowa Parts supplement its discovery disclosures, answers, and responses pursuant to Fed. R. Civ. P. 26(e). (*See* Exhibit 12, Plaintiffs' Supplemental Request). On July 10, 2017, Iowa Parts provided Plaintiffs with responsive documents. (*See* Exhibit 13, Zarley July 10, 2017, email).

---

[1] Maxam Equipment, Inc. ("Maxam") is a sister company of Defendant Iowa Parts, with both sub-chapter S corporations being owned by a single shareholder, Michael Hawkins.

3

On July 11, 2017, Plaintiffs continued the Rule 30(b)(6) deposition of Iowa Parts. (*See* Exhibit 14, Notice of Rule 30(b)(6) Deposition.) Iowa Parts designated Jay King as its corporate representative on the topics set forth by Exhibit A of Plaintiffs' notice and the manner in which Iowa Parts' designs are stored. (*Id.* at Exhibit A.) Mr. King's testimony, as Iowa Parts' designee, establishes that the documents produced on July 10, 2017, are only a fraction of the responsive documents remaining in Iowa Parts' possession.

In accordance with Fed. R. Civ. P. 37(a)(1), Plaintiffs' counsel, Mr. Randy Baker, in good faith conferred with Defendant's counsel, Mr. Zarley, in an effort to obtain the disputed discovery, including the financial and accounting records. On Friday, July 28, 2017, and Monday, July 31, 2017, Iowa Parts produced some responsive documents. On Wednesday, August 2, 2017, after drafting this brief and just 7 days before the discovery deadline of August 9, 2017 and after the Rule 30(b)(6) deposition of Iowa Parts' corporate designee, Jay King, Plaintiffs finally received from Iowa Parts 42 pages of some financial documents, which consist of "Sales by Rep Summary" for 2011-2016 and Iowa Parts' Balance Sheets and Profit & Loss statements for 2011-2016, which appear to be only partially responsive to Plaintiffs' Requests for Production Nos. 39 and 40 referenced below. Despite Plaintiffs' good faith effort to obtain all responsive documents, Iowa Parts has not produced documents that concern Plaintiffs' Requests for Production Nos. 21, 27, 39, and 40, other than the aforementioned documents received on August 2, 2017.

Iowa Parts' designees admitted being in possession of the financial and accounting records that Plaintiffs requested Iowa Parts produce through written discovery, which are documents Plaintiffs are entitled to, pursuant to the Federal Rules of Civil Procedure. Mr. King's testimony demonstrates that certain assertions made by Iowa Parts' counsel in his March 31, 2017 letter, which relate to financial records of Iowa Parts, are inaccurate. Additionally, none of the deponents

4

were sufficiently prepared on the topics for which they had been designated as Iowa Parts' designee as they were unable to respond to relevant areas of inquiry. Accordingly, Iowa Parts has engaged in obstructionist tactics to evade its pretrial discovery obligations.

## II. APPLICABLE LAW

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). "Rule 26(g) of the Federal Rules of Civil Procedure imposes on counsel and parties an affirmative duty to conduct pretrial discovery in a responsible manner." *St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 515 (N.D. Iowa 2000) (citing Fed. R. Civ. P. 26(g), Advisory Committee Notes to 1983 Amendments). Fed. R. Civ. P. 26(b)(1) does not give any party "the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case," because "[l]itgation in general and discovery in particular . . . are not one sided." *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014). "The party resisting production bears the burden of establishing lack of relevancy or undue burden." *St. Paul Reins. Co., Ltd.*, 198 F.R.D. at 512.

Fed. R. Civ. P. 26(g)(1)(B) requires certification that the answers, responses, or objections to discovery requests are "not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Therefore, if discovery responses are incomplete, evasive, or objectively unreasonable under the circumstances, the court may impose sanctions on the signer of a discovery response, including payment of reasonable expenses and attorney fees. Fed R. Civ. P. 26(g)(3); *St. Paul Reins. Co., Ltd.*, 198 F.R.D. at 515. Sanctions may also be imposed on a party who fails to supplement an earlier response to discovery. Fed. R. Civ. P. 37(c).

5

As part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse," district courts have the authority to dismiss cases or render a default judgment when a party fails to comply with a discovery order under Fed. R. Civ. P. 37(b)(2)(A). *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). Rule 37(b) provides that the court may "dismiss the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery." Furthermore, "[s]triking a party's pleadings under Rule 37 is within the range of appropriate sanctions when a party demonstrates a blatant disregard of the Court's orders and the discovery rules, engaging in a pattern of deceit by presenting false and misleading answers and testimony under oath in order to prevent their opponent from fairly presenting its case. *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999). A district court has the authority to issue sanctions in all of the methods set forth by Fed. R. Civ. P. 37(b)(2)(A)(i)-(iv).

In addition, Fed. R. Civ. P. 30(b)(6) permits a party to notice a corporation or other entity as a deponent. The notice must set forth with reasonable particularity the matters on which the examination is requested. *Id.* The named entity must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf. *Id.* The person or people designated by the entity must testify about information known or reasonably available to the organization. *Id.*

It is a sanctionable action if a party impedes, delays, or frustrates the fair examination of the deponent. Fed. R. Civ. P. 30(d)(2). When circumstances are present that demonstrate that the deponent impeded or delayed the examination, the Court must allow additional time for the deposition. Fed. R. Civ. P. 30(d)(1).

6

## III. COMPEL DISCOVERY FROM IOWA PARTS

### A. The Discovery at Issue

The discovery at issue concern the following discovery requests, interrogatories, and inquiries made by correspondence between the Parties:

<ins>Requests for Production</ins>

<ins>REQUEST NO. 21:</ins> Produce any and all documents, including invoices, bills, receipts and contracts relating to Iowa Parts, Inc.'s purchase of materials, tools, or machinery to be utilized in the manufacturing of products sold by Iowa Parts, Inc. from 2006 to the present.

<ins>RESPONSE:</ins> Iowa Parts objects to the request to the request to the extent that documents are sought that contain confidential and proprietary information. Iowa Parts objects to the request as being overbroad and unduly burdensome to the extent that the request seeks documents unrelated to any issue of this case and is not likely to lead to the discovery of admissible evidence. Subject to and without waiving any of the foregoing documents, Iowa Parts will produce relevant documents upon entry and approval of a protective order by the Court.

<ins>REQUEST NO. 27:</ins> Produce any and all State and Federal tax returns for Defendant Iowa Parts, Inc. from 2006 to the present.

<ins>RESPONSE:</ins> Iowa Parts objects to the request to the request to the extent that documents are sought that contain confidential and proprietary information. Iowa Parts objects to the request as being overbroad and unduly burdensome to the extent that the request seeks documents unrelated to any issue of this case and is not likely to lead to the discovery of admissible evidence. Subject to and without waiving any of the foregoing documents, Iowa Parts will produce relevant documents upon entry and approval of a protective order by the Court.

<ins>REQUEST NO. 39</ins>: Produce any and all pro-forma income statements or balance sheets, statements of cash flow, budgets, and other bookkeeping paperwork related to Defendant Iowa Parts Inc.'s operation between 2006 and the present.

<ins>RESPONSE:</ins> Iowa Parts objects to the request to the request to the extent that documents are sought that contain confidential and proprietary information. Iowa Parts objects to the request as being overbroad and unduly burdensome to the extent that the request seeks documents unrelated to any issue of this case and is not likely to lead to the discovery of admissible evidence. Subject to and without waiving any of the foregoing documents, Iowa Parts will produce relevant documents upon entry and approval of a protective order by the Court.

REQUEST NO. 40: Produce [any] and all monthly income statements for Defendant Iowa Parts, Inc., showing the revenue and expenses generated by that entity (fixed and variable).

RESPONSE: Iowa Parts objects to the request as being overly broad and unduly burdensome to the extent the request is not limited in time. Iowa Parts objects to the request to the request to the extent that documents are sought that contain confidential and proprietary information. Iowa Parts objects to the request as being overbroad and unduly burdensome to the extent that the request seeks documents unrelated to any issue of this case and is not likely to lead to the discovery of admissible evidence. Subject to and without waiving any of the foregoing documents, Iowa Parts will produce relevant documents upon entry and approval of a protective order by the Court.

## Inquiries

INQUIRY NO. 3 *(3/10/17 Baker Letter, Ex. 7)*: All records of sales since 12/31/10 relating to the asphalt plant, concrete plant, and landfill and dirt compaction equipment product lines that is for a part or component for a product manufactured by Iowa Manufacturing, Standard Havens, Cedarapids, Cedarapids/Standard Havens, CMI Corporation, Terex, its subsidiaries and/or affiliates.

INQUIRY NO. 4 *(3/10/17 Baker Letter, Ex. 7)*: All records relating to the costs of production since 12/31/10 relating to the asphalt plant, concrete plant, and landfill and dirt compaction equipment product lines that is for a part or component for a product manufactured by Iowa Manufacturing, Standard Havens, Cedarapids, Cedarapids/Standard Havens, CMI Corporation, Terex, its subsidiaries and/or affiliates

ZARLEY'S RESPONSE TO NO. 3 & 4: With respect to sales and costs of production, Iowa Parts is not able to search for responsive documents based upon a drawing number, type, or description. If Iowa Parts is provided with a part number, they are able to identify related purchase orders that would need to be manually searched. Since 2010, Iowa Parts has over 15,000 purchase orders.

(*See* Exhibit 1, Plaintiffs' First Request for Production; Exhibit 2, Iowa Parts' Response to Plaintiffs' First Request for Production; Exhibit 7, March 10, 2017, Mr. Baker's Letter to Mr. Zarley; and, Exhibit 8, March 30, 2017, Mr. Zarley's Letter to Mr. Baker.)

## B. Iowa Parts' Deficient Discovery and Deliberate Efforts to Impede Discovery

### 1. Iowa Parts Abused the Written Discovery Process.

On June 29, 2017, Ms. Hartley testified every month she runs financial statements, sales reports, commission reports, and account receivables for Iowa Parts. (*See* Exhibit 10, Hartley Depo. 60:19-25 – 61:1-12, 61:23-25 – 62:1.) Ms. Hartley testified Mike Hawkins, Iowa Parts' sole shareholder, is in possession of a physical copy of each of those financial reports and that an electronic copy of the financial reports exists on the computer system. (*Id.* at 84:23-25 – 85:1-7, 85:8-9.) Ms. Hartley testified the filing cabinet in her office contains documents concerning Iowa Parts' billing records for companies and individuals, 1099s and finder fees, employee files, and non-compete contracts. (*Id.* at 83:1-23, 87:15-20, 107:24-25 – 108:1-3, 132:21-22.) Iowa Parts' accounting information, including account receivable reports for all companies or individuals who have purchased products from Iowa Parts, historical records of commissions for all sales of products, and a list of the prep-paid expenses also exists on the computer system. (*Id.* at 87:7-11, 88:24-25 – 89:1-7, 154:21-25, 162:20-24.) These documents are responsive to Plaintiffs' First Request for Production Nos. 21, 39, 40. (*See* Exhibit 1, Plaintiffs' First Request for Production.)

On June 30, 2017, Ms. Bardwell testified she is in possession of all of Iowa Parts' state and federal income taxes from 2002 to the present. (*See* Exhibit 11, Bardwell Depo. 27:16-25 – 28:1-2.) Ms. Bardwell also testified she is in possession of Iowa Parts' work papers, which includes 941s, employee's gross earnings, profit and loss statement, balance sheet, and the year-ending (December) bank statement for each year to support Iowa Parts' reconciliation. (*Id.* at 44:14-18, 58:18-23, 61:14-16, 67:18-21). Ms. Bardwell also testified she used Iowa Parts' work papers, payroll reports, income and expense statements, and retained earnings to prepare the income tax

9

returns. (*Id.* at 65:9-15, 66:9-13.)   These documents are responsive to Plaintiffs' First Request for Production Nos. 27, 39, 40. (*See* Exhibit 1, Plaintiffs' First Request for Production.)

Mr. King was asked about Iowa Parts' response to Plaintiffs' Request for Production No. 21. Mr. King, as Iowa Parts' Rule 30(b)(6) designee, testified Iowa Parts' response to Request No. 21 is not accurate and Iowa Parts has not supplemented its response. (*See* Exhibit 15, King Depo. 195:23-25, 196:1-13, July 11, 2017.)

The testimony of the three deponents demonstrate Iowa Parts has abused the discovery process. Although their written discovery responses are verified by a corporate representative and counsel, Iowa Parts' discovery responses are incorrect and, moreover, have not been supplemented. Iowa Parts is admittedly in possession of documents that are the subject of Plaintiffs' claims and discovery requests, specifically, documents concerning the financial and accounting records, taxes, and inventory sold by Iowa Parts. (*See* Exhibit 1, Plaintiffs' First Request for Production, Nos. 21, 27, 39, 40.)

Iowa Parts' withholding of crucial evidence has caused an unnecessary delay and needlessly increased the cost of this litigation by forcing Plaintiffs to exhaust time and resources to located relevant documents that Plaintiffs requested Iowa Parts produce over a year ago.

### 2. Iowa Parts Intentionally Mislead Plaintiffs

On March 10, 2017, Plaintiffs' attorney attempted to resolve discovery issues with Iowa Parts. (*See* Exhibit 7, March 10, 2017, Mr. Baker's Letter to Mr. Zarley.) When questioned about Plaintiffs' Inquiries No. 3 and 4, which relate to Iowa Parts' financial records of sales and costs of production, Iowa Parts' Rule 30(b)(6) designee testified that searching for the records is not as complicated as Iowa Parts' counsel represented in his letter. (See Exhibit 8, March 30, 2017, Mr. Zarley's Letter to Mr. Baker.) Mr. King testified that Iowa Parts does not need to be provided a

part number to then identify purchase orders through a manual search. Rather, contrary to Iowa Parts' counsel's representation in his March 30, 2017 letter, Mr. King testified the information sought by Inquiries No. 3 and 4 could be located in two ways: (1) Iowa Parts' computer application, Sesame System, could be utilized to sort the needed information and it would provide a complete list of Iowa Parts' job numbers which could then be printed out or (2) Iowa Parts' computer application, Sesame System, could be utilized to search by a customer and/or vendor name and the user could then print out the total billing for the customer and/or vendor. (*See* Exhibit 15, King Depo. 219:11-25 – 220:1-25 – 223:1-2, 223:6-23, July 11, 2017.) Mr. King testified it would not take thousands of man-hours to look through the file system as Iowa Parts' counsel implied in his letter; rather, it would be a relatively simple computer search. (*Id*. at 223:25-25 – 224:1-5.) The only inefficient task is printing each individual piece of paper. (*Id* at 224:5-6.)

With respect to the financial statements Plaintiffs requested Iowa Parts produce, Ms. Hartley testified she has the ability to go back and print a financial report, whether it be a profit and loss statements or a balance sheet for any month of any year, going back as far as 2002. (*See* Exhibit 10, Hartley Depo. 85:10-16.).

In addition, Iowa Parts mislead Plaintiffs by providing them with irrelevant documents. Mr. King testified Iowa Parts has provided the Plaintiffs with documents that have nothing to do with the parties' claims and defenses. Specifically, when asked why Iowa Parts produced documents concerning crushing equipment, Mr. King's answer was "no idea." (*See* Exhibit 15, King Depo. 85:9:25 – 86:1-2.) This type of response further illustrates Iowa Parts' tactics to frustrate the discovery process.

The foregoing examples demonstrate that Iowa Parts responds to Plaintiffs' attempts to resolve discovery issues by misrepresenting the true facts. In addition, Iowa Parts' continued

evasion of its discovery obligations by providing Plaintiffs with false and irrelevant information only causes unnecessary delay and increases the cost of this action.

## IV. IOWA PARTS' CORPORATE DESIGNEE AND INDIVIDUALS IDENTIFIED AS MOST KNOWLEDGEABLE OF ACCOUNTING WERE NOT PROPERLY PREPARED FOR THEIR DEPOSITIONS

In addition to Iowa Parts' efforts to stonewall Plaintiffs' ability to gather relevant information and documents through written discovery, the Rule 30(b)(6) deposition of Iowa Parts also hindered Plaintiffs' ability to obtain relevant evidence. Iowa Parts' corporate designee, Mr. King, was not knowledgeable of any of the topics for which he was produced to testify and his testimony shows Iowa Parts deliberately limited his preparation. In fact, Mr. King testified he did "basically nothing" to prepare for the deposition, including not reviewing any documents or talking to anyone other than Iowa Parts' attorney. (*See* Exhibit 15, King Depo. 11:2-15, 211:6-17, 218:12-22.)

Mr. King was aware of the topics for the deposition, he saw and read Exhibit A of the Notice of Rule 30(b)(6) Deposition, yet chose to do nothing to prepare. (*Id*. at 9:9-13, 10:23-25 – 11:1, 11:20-25, 12:1-3.) For example, Mr. King testified he did nothing to prepare for Topic Nos. 1 and 2. (*Id*. at 13:13-15, 13:18-25 – 14:1, 15:17-23, 20:16-22.) Mr. King testified he could not answer any questions regarding Topic No. 2 and could not do so without relevant documents in front of him, such as the sales record. (*Id*. at 14:2-11, 14:20-25, 15:1-2.) In fact, Mr. King testified he has no knowledge of Iowa Parts' sales to vendors, such as former Defendant Climate Engineers[2], third-party Sadler Machine Company, Inc., and third-party Pickwick Manufacturing Services. (*Id*. at 206:19-25 – 207:1-16, 209:5-8, 209:18-21, 210:17-19, 213:20-25 – 214:1.) Mr. King testified nothing prevented him from reviewing the relevant records but, instead, he simply

---

[2] Defendant Climate Engineers, Inc. has settled with Plaintiffs and has been dismissed from the case. (Doc. 85.)

12

chose not to. (*Id.* at 16:18-25, 17:1-10). Mr. King testified Mr. Hawkins, Iowa Parts' sole shareholder, is the person who could answer the questions concerning Topic No. 2. (*Id.* at 209:9-12, 210:20-24.)

Likewise, Mr. King testified he failed to prepare for Topic No. 3 and the testimony he would give would only be speculation because neither he nor any other Iowa Parts' representative verified any information. (*Id.* at 20:16-22, 21:19-25 – 22:1-2.) Mr. King also testified he could not answer questions concerning RAP Bins, which concern Topic No. 4, because he did not review any documents and did not bring any of these documents with him to the deposition. (*Id.* at 27:19-22; 28:12-13, 30:13-15.) Mr. King also did not prepare for Topic Nos. 5-8. (*Id.* at 30:16-25 - 31:1-3, 34:1-14, 34:20-25 – 35:1-2, 35:5-16, 36:8-23, 37:16-25, 38:1-2, 40:23-25 – 41:1-4). Mr. King deliberately chose not to prepare for Topic No. 5. (Id. at 31:6-8.) Mr. King testified he could not answer questions concerning Topic No. 6. (*Id.* at 35:3-4.) Mr. King testified he did nothing to prepare for Topic No. 11 and did not know information about Topic No. 12 "off the top of his head." (*Id.* at 52:8-19, 62:6-15).

Although Mr. King did not review any material and could not answer most of the questions for which Iowa Parts' Rule 30(b)(6) deposition had been noticed, Mr. King chose not to talk to any employees or officers of Iowa Parts to prepare for the deposition. (*Id.* at 12:23-25, 13:1-4).

Ms. Bardwell was identified by Iowa Parts in their interrogatory answers as the accountant utilized by Iowa Parts since December 31, 2010 and would be the most knowledgeable about accounting issues. Like Mr. King, Ms. Bardwell did not review any documents before her deposition. (*See* Exhibit 11, Bardwell Depo. 19:9-14.) When Plaintiffs' counsel asked Ms. Bardwell about relevant topics such as income, net profits, expenses, and losses of Iowa Parts, Ms. Bardwell reportedly stated she would have to review the records. (*Id.* at 34:11-15, 37:14-17, 46:4-

13

9, 51:14-17.) However, Ms. Bardwell did not bring any records to her deposition and, as discussed above, Iowa Parts has refused to produce the same with the exception of 42 pages of some financial documents received on August 2, 2017, after drafting this memorandum had begun, after Iowa Parts' Rule 30(b)(6) deposition of Jay King and 7 days before the discovery deadline. Consequently, Plaintiffs have been unable to obtain relevant information regarding their claims.

Ms. Hartley was identified by Iowa Parts in their interrogatory answers as the person who performed accounting services for Iowa Parts since December 31, 2010 and would have knowledge about issues relating to Iowa Parts' taxes. Like Mr. King and Ms. Bardwell, Ms. Hartley reviewed no documents prior to her deposition. (*See* Exhibit 10, Hartley Depo. 36:6-10, 83:6-9). Ms. Hartley could not answer relevant questions. (Id. at 42:5-12, 51:12-25, 57:7-11). Ms. Hartley also repeatedly testified she would have to look at files, which she did not bring to the deposition, to answer Plaintiffs' counsel's relevant questions. (Id. at 83:1-4, 135:22-25 -136:1). Again, Plaintiffs have been unable to obtain relevant information regarding their claims.

Each of the three aforementioned individuals either designated to appear and testify as a Rule 30(b)(6) corporate designee or identified by Iowa Parts as having the most knowledge of accounting and issues relating to Iowa Parts' taxes were unprepared for their depositions and did not bring any documents to assist them in answering questions. The deponents testified to their lack of knowledge on relevant topics. Accordingly, the unpreparedness and lack of knowledge of the three depositions impeded Plaintiffs' ability to discover admissible evidence and frustrated Plaintiffs' fair examination of Iowa Parts under Rule 30(b)(6).

On August 1, 2017, Plaintiffs' counsel Cary Hiltgen pointed out to defense counsel the deficiencies in the testimony above and asked Iowa Parts to produce witnesses prepared to fully

14

discuss topics in the 30(b)(6) notice and issues regarding the finances, accounting and tax records of Iowa Parts. On August 2, 2017, counsel for Iowa Parts declined.

## V. SANCTIONS AGAINST IOWA PARTS FOR DISCOVERY ABUSES

"A party demonstrates bad faith by, inter alia, delaying or disrupting the litigation or hampering enforcement of a court order." *Coquina Invs. v. Rothstein*, No. 10-60786-Civ, 2012 U.S. Dist. LEXIS 108712, at *9 (S.D. Fla. Aug. 3, 2012) (*quoting Eagle Hospital Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009)). Willful failure is defined as "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *Tom v. S.B., Inc.*, 280 F.R.D. 603, 610 (D.N.M. 2012) (*quoting In re Standard Metals Corp.*, 817 F.2d 625, 628-29 (10th Cir. 1987)). On one hand, where a smoking gun is suppressed, willfulness is easily established. *See, e.g., Clearvalue, Inc. v. Pearl River Polymers, Inc.*, 242 F.R.D. 362, 377 (E.D. Tex. 2007). "Without a 'smoking gun' statement," on the other hand, "a district court makes a determination of bad faith by drawing inferences from the conduct before it." *Coquina Invs. v. Rothstein*, LEXIS 108712, at *9 (*quoting Byrne v. Nezha*t, 261 F.3d 1075, 1125 (11th Cir. 2001)).

Furthermore, in *Waste Connections, Inc. v. Appleton Elec.*, LLC, No. 8:12CV436, 2014 U.S. Dist. LEXIS 40984 (D. Neb. Mar. 27, 2014), the defendants filed a motion to compel alleging the plaintiff's corporate designee could only testify about seven out of thirty identified topics in a Rule 30(b)(6) deposition and plaintiffs failed to properly designate a corporate representative. *Id.* at *4. The defendants also contended the plaintiff effectively failed to appear for a properly noticed deposition since the corporate designee lacked knowledge about the majority of topics. *Id.* Although the corporate designee was somewhat knowledgeable about seven topics, defendants argued the corporate designee could only provide cursory answers to these seven topics. *Id.* Pursuant to 37(a)(5)(A), the court ordered the plaintiff to pay the defendants' attorney's fees

15

incurred in preparing and filing the motion to compel and for the defendants' costs and fees associated with an additional deposition of plaintiff's corporate representative. *Id.* at \*12.

Similarly, in determining whether sanctions were appropriate in *Custom Hardware Eng'g & Consulting, Inc. v. Dowell*, No. 4:10CV000653 ERW, 2012 U.S. Dist. LEXIS 132847 (E.D. Mo. Sep. 18, 2012), the court examined the deposition transcript to determine whether the inadequacy of the deposition was solely due to the unpreparedness of the corporate representative or whether deposing counsel's dissatisfaction with the unpreparedness hindered the deposition.

### A. Iowa Parts' Conduct was Willful and in Bad Faith; therefore, Sanctions should be entered against Iowa Parts.

From the onset of this lawsuit, Plaintiffs have attempted to gather information and/or relevant documents from Iowa Parts relating to their claims. Plaintiffs have issued written discovery, served subpoenas, and noticed and taken depositions. Plaintiffs have even sought relief and assistance from this Court (*See* Court Docs. 41, 41.1, 88). Iowa Parts has impeded Plaintiffs' discovery of relevant information and/or documents by failing to supplement its discovery answers and responses as required by Fed. R. Civ. P. 26(e)(1). In responding to Plaintiffs' written discovery, Iowa Parts certified its responses were grounded in law, not served for an improper purpose, and are not unreasonable or unduly burdensome. Later, Iowa Parts admitted it provided Plaintiffs with irrelevant documents and that its answers/responses to Plaintiffs' written discovery were not accurate. (*See* Exhibit 15, King Depo. 85:9:25 – 86:1-2, 166:24-25, 177:17-22, 195:23-25, 196:1-13.) Thus, Iowa Parts has acted in bad faith.

After obtaining the deponents' testimony that the financial and accounting files exist, Plaintiffs attempted, in good-faith, to obtain the documents from Iowa Parts without court intervention by requesting the documents on Monday, July 24, 2017. Specifically, Plaintiffs requested Iowa Parts provide the documents by Friday, July 28, 2017. Iowa Parts never provided

16

the financial and accounting documents with the exception of 42 pages of some financial documents received on August 2, 2017, after this brief was drafted, after the deposition of Iowa Parts' Rule 30(b)(6) corporate designee, Jay King, and 7 days before the discovery deadline. This situation demonstrates Iowa Parts' bad faith.

Following the lead of the *Dowell* court and examining the deposition transcripts, it is clear that Plaintiffs' counsel attempted to obtain relevant information from the individuals designated by Iowa Parts as a corporate designee under Rule 30(b)(6) or identified in its interrogatory answers as having the most knowledge of accounting and tax issues. In fact, even when Mr. King repeatedly said he was not prepared or had not reviewed a document, Plaintiffs' counsel changed topics and attempted to inquire into other relevant matters. Even the testimony Mr. King did provide on a few topics was speculative, as Mr. King often qualified his testimony with "I think." (*See* Exhibit 15, King Depo. 60:10-15, 88:4-7, 92:8-18, 124:14-16, 131:9-14, 186:3-6, 194:3-5, 194:17-20, 196:7-8, 210:5-11, 231:16-22, 236:10-13). The same goes for Ms. Bardwell and Ms. Hartley's depositions.

Since Iowa Parts' written discovery responses are evasive, Iowa Parts has admitted certain discovery answers and responses are inaccurate, Iowa Parts has admitted to not supplementing its discovery with responsive documents, Iowa Parts verified its answer to Plaintiffs' Interrogatories, and Iowa Parts' corporate designee and individuals identified in its interrogatory answers as most knowledgeable of accounting and tax issues were unprepared and not knowledgeable on topics for the depositions, this Court should enter sanctions against Iowa Parts, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i)-(iv), 26(g)(3), and 30(d)(2).

17

Case 1:16-cv-00033-LRR-CJW   Document 128-1   Filed 08/03/17   Page 17 of 20

## VI. ADDITIONAL TIME FOR DEPOSITIONS OF IOWA PARTS WITNESSES

In addition, pursuant to Fed. R. Civ. P. 30(d)(1)-(2), Plaintiffs seek leave for additional time to re-depose Iowa Parts on all of the topics found in Exhibit A of the Iowa Parts' Rule 30(b)(6) Notice. Like the corporate designee in *Waste Connections, Inc.*, Mr. King was not prepared for the Rule 30(b)(6) deposition and was not knowledgeable on most of the topics. Much of the testimony that Mr. King did provide was speculative. (*See* Exhibit 15, King Depo. 60:10-15, 88:4-7, 92:8-18, 124:14-16, 131:9-14, 186:3-6, 194:3-5, 194:17-20, 196:7-8, 210:5-11, 231:16-22, 236:10-13). Accordingly, this Court should allow the Plaintiffs additional time to fairly examine Iowa Parts. Specifically, Plaintiffs request the Court enter an order directing Iowa Parts to prepare and present one or more designees to testify to Iowa Parts' accounting and financial information and all of the topics set forth in Exhibit A of the Notice of Rule 30(b)(6) Deposition, and that Plaintiffs have until September 30, 2017 within which to complete that deposition. Plaintiffs further request that the Court order Iowa Parts to pay for the cost of this second deposition, including attorneys' fees for Plaintiffs' counsel's preparation, travel time, the time for taking the deposition and any court reporter fees for any required depositions.

## CONCLUSION

For the reasons set forth herein, Plaintiffs CMI Roadbuilding, Inc. and CMI Roadbuilding Ltd. request the Court order Iowa Parts to fully and completely supplement their written discovery responses and to produce the responsive documents for Plaintiffs' Requests for Production Nos. 21, 27, 39 and 40 on or before September 8, 2017. Plaintiffs also request that they be granted until September 30, 2017 within which to complete the Rule 30(b)(6) deposition of Iowa Parts. Plaintiffs further request that Iowa Parts be ordered to fully comply with its 30(b)(6) obligations with regard to any witness(es) offered as knowledgeable on the listed topics. Finally, Plaintiffs

18

request this Court levy sanctions against Iowa Parts, including an award of Plaintiffs' reasonable expenses and attorney fees for preparing this Motion and Memorandum for its willful and bad-faith discovery abuses and proffering unprepared and unknowledgeable corporate designees. In addition, Plaintiffs request that the Court order Iowa Parts to pay for the cost of this second deposition, including attorneys' fees for Plaintiffs' counsel's preparation, travel time, the time for taking the deposition and any court reporter fees for any required depositions.

**LEDERER WESTON CRAIG PLC**

By: */s/ J. Michael Weston*
  J. Michael Weston  AT0008405
  Brenda K. Wallrichs  AT0008203
  118 – 3rd Avenue SE, Suite 700
  P. O. Box 1927
  Cedar Rapids, IA  52406-1927
  Telephone:  (319) 365-1184
  Facsimile:  (319) 365-1186
  E-mail:  mweston@lwclawyers.com
  E-mail:  bwallrichs@lwclawyers.com

  and

  Cary E. Hiltgen *(pro hac vice)*
  J.R. Baker *(pro hac vice)*
  **HILTGEN & BREWER, P.C.**
  9505 North Kelley Avenue
  Oklahoma City, OK  73131
  Telephone:  (405) 605-9000
  Facsimile:  (405) 605-9010
  E-mail:  chiltgen@hbokc.law
  E-mail:  rbaker@hbokc.law

  **ATTORNEYS FOR PLAINTIFFS**
  **CMI ROADBUILDING, INC. AND**
  **CMI ROADBUILDING LTD.**

# CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2017, I served the foregoing on the following counsel of record via the ECF system:

**ATTORNEYS FOR DEFENDANT IOWA PARTS, INC.:**
Timothy J. Zarley
Email: tzarley@zarleylaw.com

/s/ J. Michael Weston